Taylor, Chief-Justice.
 

 The controversy, in this case, arises between the paternal uncles on one side, and. a maternal aunt, of the half blood, on the other side» The land descended to Thomas Jordan, from his maternal grandfather, no portion of whose blood flows in the veins, either of the lessors of the Plaintiff, or the Defendant» The parties on both sides, are in the same de
 
 *436
 
 gree of consanguinity to the
 
 intestate;
 
 and hence, it ap-Peai's ^ie principle governing the decision, has been virtually settled in
 
 Ballard
 
 v.
 
 Hill,
 
 (3
 
 Murph.
 
 416.)
 

 jn that case> the half blood of the maternal line were preferred to a more distant collateral, of the paternal line, although the land descended
 
 therefrom;
 
 and this construction seemed unavoidable under the several enactments of 1784, which admit the half blood of both lines equally into the inheritance, and declare a priority, only where the contest is between those of the acquiring, and those of the non-acquiring line. It is also declared, that the same rules of descent shall be observed, whore the collaterals shall be further removed than brothers and sisters’children ; .consequently, where those who claim the inheritance, are of equal degree, and none of them can claim a preference by representing the acquiring line, all are equally entitled, although some of them may be of the half-blood. An uncle of the whole blood, where he represented the acquiring ancestor, would exclude an aunt of the half blood, who did not, upon the principle of the case cited, as well as that of
 
 Pipkin v. Coor, (1 L. Rep.
 
 103;) but to prefer him where he did not so represent the acquiring ancestor, would virtually repeal the law entitling the half blood to inherit.
 

 Ham and Henderson, Judges, concurred.